UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| KRISTOPHER A. PIPER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 09-506 (EGS) |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

In this civil action filed *pro se*, plaintiff sues the District of Columbia and the D.C. Jail for an alleged assault by a corrections officer during his confinement at the Jail in January 2007.[1] The District of Columbia moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Upon consideration of the parties' submissions, the Court will grant defendant's motion and will dismiss the case accordingly.[2]

I.  BACKGROUND

Plaintiff alleges that on January 3, 2007, during the Jail's routine count of inmates, an unidentified corrections officer "came on the bottom left tear [sic] with a bottle of bleach in his hand and threw it on me." Compl. at 2. Plaintiff alleges that the bleach "got in [his] eyes and on

---

[1] Defendant correctly asserts that the D.C. Jail cannot be sued separately from the District of Columbia. *See Caldwell v. District of Columbia*, 901 F. Supp. 7, 11 (D.D.C. 1995); *Fields v. D.C. Department of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992). The District of Columbia is therefore substituted as the proper defendant.

[2] By Order of October 28, 2009, plaintiff was advised to respond to defendant's dispositive motion by December 3, 2009, or risk dismissal of the case on what would be treated as a conceded motion. On December 29, 2009, the Court allowed to be filed plaintiff's document captioned "Motion for Continue," which plaintiff indicates is his response to defendant's motion to dismiss. Mot. at 2. The Court will deny plaintiff's "motion" and will consider it as his opposition brief.

2

[his] arms," and that his request to see a doctor was denied allegedly because the medical staff had "60 new intakes." *Id*. 2-3.  Plaintiff filed this lawsuit on March 16, 2009, seeking injunctive relief and $57 million "for the pain the officer cause[d] me." *Id*. at 4.

## II.  DISCUSSION

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the alleged violation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' [generally] requires more than labels and conclusions . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted); accord *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a § 1983 claim against the District of Columbia, plaintiff must state sufficient facts showing that a constitutional violation occurred that was caused or brought about by official municipal policy, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988), or resulted from governmental "custom or usage," *Monell v. Dep't of Social Svcs.,* 436 U.S. 658, 690-91 (1978). Plaintiff has not pleaded a claim for which the District can be held liable.  He has not alleged an injury per se.  *See Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) ("The Supreme Court has placed within the ambit of this prohibition 'punishments . . . which involve the unnecessary and wanton infliction of pain.' ") (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)).  But even if his demand for $57 million in damages "for the pain the officer cause[d] me" suffices at this pleading stage, the facts do not establish "an affirmative link . . . such that a municipal policy [could be said to have been] the moving force behind the

3

constitutional violation," *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (citations and internal quotation marks omitted); *see id*. at 1306-07 (citing "number of ways in which a 'policy' can be set by a municipality"), and liability under § 1983 cannot be based on a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S.Ct. at 1948-49; *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 691 (D.C. Cir. 2009); *Graham v. Davis*, 880 F.2d 1414, 1420-21 (D.C. Cir. 1989).

For the foregoing reasons, defendant's motion to dismiss under Rule 12(b)(6) is granted. A separate Order accompanies this Memorandum Opinion.

SIGNED:     EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: March 11, 2010